SCANNED

CAUSE NO. 2010-477

| | | |
|---|---|---|
| JAMES ODOM and VERLITA ODOM, | § | IN THE COUNTY COURT |
| Individually and as Next of Kin for | § | |
| Jaden Odom and Nicholas Odom | § | |
| Minor Children | § | |
| Plaintiffs | § | |
| | § | AT LAW OF |
| | § | |
| vs. | § | |
| | § | |
| TYSON FOODS, INC. | § | |
| Defendant | § | PANOLA COUNTY, TEXAS |

FILED NOV 12 2010 at 10:00 O'clock A.M.
DEBRA JOHNSON, DISTRICT CLERK
PANOLA COUNTY, TX
BY: _____ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COME NOW, PLAINTIFFS, JAMES ODOM and VERLITA ODOM, complaining of DEFENDANT, TYSON FOODS, INC., herein known as "Defendant," and in support thereof, would show unto this honorable Court as follows:

### I.
### JURISDICTION AND VENUE

At the time of the incident made the basis of this suit, the Plaintiffs were residents of Panola County, Texas, and the Defendant, TYSON FOODS, INC., was a corporate entity doing business in Panola County, Texas. Further, the incident made the basis of this suit occurred in Gary, Panola County, Texas. Accordingly, this Court has jurisdiction over this suit and the parties hereto.

### II.
### DESIGNATION OF DISCOVERY LEVEL

The Discovery in this case is intended to be conducted under Level 3, pursuant to Section 190.1 et seq., of the Texas Rules of Civil Procedure.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE                                PAGE - 1

A TRUE COPY
of the original hereof, I certify
Debra Johnson
DISTRICT COURT CLERK
PANOLA COUNTY, TEXAS
By: Jean Alice Smith
DEPUTY CLERK

## III.
## PARTIES

The Plaintiffs, JAMES ODOM and wife, VERLITA ODOM, are residents of Panola County, Texas, having a mailing address of 717 Kenneth Street, Carthage, Texas 75633.

The Defendant, TYSON FOODS, INC., is a Foreign For-Profit Corporation organized and existing under the Laws of the State of Delaware, and doing business and maintaining offices and facilities in Panola County, Texas. Service of Process on this Defendant may be obtained on its Registered Agent for Service, C.T. Systems, 350 North St. Paul, Dallas, Texas 75201, or wherever its' registered agent may be found.

## IV.
## FACTUAL ALLEGATIONS

On the morning of February 17, 2009, James Odom, while working in the course and scope of his employment with TYSON FOODS, INC.'s Tenaha facility, was traveling northbound on FM 10 in Panola County, Texas, when he encountered a series of extremely narrow bridges and lost control of his vehicle. James Odom was in a convoy of vehicles traveling between work locations. It was cold and dark and the roadway was wet and dangerous. Contrary to company policy, James Odom was permitted by his supervisor to drive his own vehicle apart from the designated van which carried the other employees to the next work site safely. James Odom's car overturned off of an embankment and he was thrown from his car. The accident caused a spinal cord injury with permanent, complete paralysis and medical complications which he will endure for the balance of his life.

CERTIFIED COPY

## V.
## PLAINTIFF'S CAUSES OF ACTION

A. **NEGLIGENCE**

James Odom was working in the course and scope of his employment as a chicken catcher with Tyson Foods, Inc. on the date of his accident. The incident made the basis of this suit, referred to in the preceding paragraph and the resulting injuries and damages of the Plaintiff, were all proximately caused by the negligent conduct of the Defendant in one or more of the following respects:

1.) In allowing a fatigued employee to drive on a dangerous wet roadway rather than ride in the safety of the company van specifically provided for employee safe transport;

2.) In failing to provide a safe working environment for James Odom;

3.) In failing to properly train and supervise James Odom and on-site supervisory personnel to avoid the accident;

4.) In failing to provide any instruction to James Odom or provide or verify a safe route to avoid this accident;

5.) In failing to inspect James Odom's vehicle for its use and safety for employee transport;

6.) In failing to maintain adequate contact, supervision or control over James Odom while having him trail the van operated by Tyson Foods, Inc.'s supervisory personnel;

7.) In failing to follow Tyson Foods, Inc's own policies and procedures governing the transport of chicken catchers;

8.) In failing to timely render aid to James Odom following the accident;

9.) The Defendant was generally negligent on the occasion in question for its acts or omissions as Mr. Odom's employer which caused and/or contributed to this accident.

Each of these acts and omissions, singularly or in combination, constitute negligence and



negligence per se, and gross negligence which proximately caused the occurrence in question and each of the Plaintiffs' injuries and damages.

**B.   RESPONDEAT SUPERIOR**

At the time of the incident made the subject of this suit, the Plaintiff, JAMES ODOM, was an employee of Defendant, TYSON FOODS, INC. Plaintiff was acting under the supervision and instruction of a TYSON FOODS, INC., employee. The Plaintiff relies on the doctrine of Respondeat Superior in holding the employer, TYSON FOODS, INC., completely responsible for the actions and conduct of its' supervising employees who committed the above-referenced acts of negligence and permitted the deviation from the policies and procedures which lead to the injuries herein complained of.

**C.   EMPLOYER LIABILITY**

This is a non-subscriber negligence action arising under the authority of the Texas Workers' Compensation Act. Tyson Foods, Inc., is a voluntary non-subscriber of Texas Worker's Compensation insurance and therefore may be sued directly for Mr. Odom's injuries and damages. James Odom was at all times acting in the course and scope of his employment with Tyson Foods, Inc., at the time of his injury. Pursuant to the Texas Workers' Compensation Act, Tyson Foods, Inc. may not raise those common law defenses outlined in Texas Labor Code § 406.033(a).

## VI.
## DAMAGES TO PLAINTIFFS

As a result of the negligence of the TYSON FOODS, INC., the Plaintiff, JAMES ODOM, has been damaged in the following respects:

1.)   Past medical damages, including ambulance, hospital, doctor, medical, and pharmaceutical bills incurred in the past;

CERTIFIED COPY

2.) Future medical damages, including doctor, hospital, medical, and pharmaceutical bills that, in all reasonable medical probability, will be incurred by Plaintiff in the future;

3.) Physical pain, suffering, and mental anguish which James Odom has suffered in the past;

4.) Physical pain, suffering, and mental anguish which, in all reasonable medical probability, James Odom will suffer in the future;

5.) Physical impairment suffered in the past, including permanent paraplegia;

6.) Physical impairment, including permanent paraplegia, Mr. Odom will suffer in the future;

7.) Loss of earnings in the past;

8.) Loss of earning capacity;

9.) James Odom's loss of spousal consortium;

10.) Ongoing lifetime expenses for the treatment and accommodation of James Odom's paraplegia and complications arising therefrom, including but not limited to:

    a.) Ongoing physiatrist care to monitor and adjust medications and update equipment and supplies;

    b.) Perpetual urology care for bladder and sexuality treatment, urodynamic studies and renal ultrasounds;

    c.) Internal medicine visits for life to perform urinalysis with culture and sensitivity oversight, as the injury has placed James Odom at higher risk for infection and preventative care will be necessary for the balance of his life;

    d.) Podiatry care to monitor for syringomyelia and changes in functional status;

    e.) Periodic hospitalization and office visits for ulcer and wound care associated with the paralysis, including surgeries, wound care supplies, potential uroseptsis and pneumonia, potential long bone fractures and deep vein thrombosis;

    f.) Periodic office visits and hospitalizations to treat potential complications such as increased spasticity, hemorrhoids, internal ulcers, bladder and kidney calculi, contracture deformities, septicemia, thrombophlebitis, chronic constipation, heart disease and premature aging, depression and increased incidents of complications associated with these conditions;


CERTIFIED COPY

g.) Ongoing routine and non-routine medical care, projected therapeutic needs, counseling and evaluations, medications, equipment, supplies, case management, home services and attendant care;

h.) Ongoing inpatient rehabilitation to increase James Odom's function and understanding of his injuries and to provide an outlet for networking with a support group;

I.) Lifetime perpetual replacement of wheel chairs x3 (manual, sports and power wheelchairs), maintenance of all three wheel chairs, wheelchair cushions and cushion covers for all wheelchairs, wheelchair gloves, back packs, portable suitcase wheel chair ramps, lap organizers, cup holders, batteries, custom contour cushions, and wheel chair clinics, physical therapy evaluations and treatment, together with the expenses associated with a gym membership to monitor periodic adjustments of his home therapy program and wheel chair needs, and to maintain function and range of motion;

j.) Psychiatry and psychological counseling care to treat stress disorder and enable James Odom to adjust to his spinal cord injuries, and medical case management to educate and assist James Odom with coordination of appointments and attendant care with onsite visits;

k.) Driving evaluation and costs associated with obtaining and maintaining a handicap accessible vehicle. The recommended vehicle includes a Toyota Sienna van with Braun wheelchair conversion, ramp, 4 point wheelchair securement system with a 7 year warranty and roadside assistance, to be replaced every 7 years for the balance of James Odom's life;

l.) Lifetime medication treatment and monitoring, together with the costs of the medications which will likely include Baclofen, Omeprazole, Klor-Con, Warfarin Sodium, Feosol, Docusate Calcium, Saline laxatives, and multivitamins.

m.) Specialized equipment to facilitate his sleeping needs, including an electric adjustable hospital type bed with gel mattress overlays, an over bed table and beasy transfer board, all of which will need to be replaced at least every ten years for the balance of his life;

n.) Specialized equipment to accommodate his hygiene care, including a shower and commode chair aide, a hand held shower with diverter valve / temperature control;

o.) Various equipment items such as an exercise platform and mat, an EZ stand 5000 with wheels, storage capabilities, grab bars, Bidet, Hoyer lift, Hoyer slings and maintenance and replacement of these items throughout his lifetime;


CERTIFIED COPY

p.) Various essentials associated with the care of his neurogenic bowel and bladder complications such as intermittent catheters, lubricating jelly packets, cotton balls, prep pads / iodine sponges, prevail incontinence briefs, non-sterile gloves, wipes, Disposable Chux underpads, hand sanitizing gel, urinals, self wipe bathroom aids, proshield skin protectant;

q.) A flexible inspection mirror to assist James Odom with self inspection of skin breakdown;

r.) An aluminum reach to enable James Odom to reach items above his head or on the floor, and for potential light weight lifting exercise;

s.) Various renovations to his existing home to include bathroom modifications, sidewalk reconstruction for easier home access and repairs associated with making the home wheelchair accessible;

t.) Weekly yard care and handy man expenses to maintain the family yard and home now that James Odom is unable to do so;

u.) A safe alert system, alarm system and cell phone to provide emergency security for James Odom;

v.) Costs for housekeeping to assist Mrs. Odom with maintaining the family home;

w.) Costs to secure non-skilled visits, home health aide and skilled nursing care for in home treatment of complications and to reduce his dependence on others.

Further, as a result of the incident described herein, Plaintiff, VERLITA ODOM, been damaged in the following respects:

1.) Mental anguish and suffering which, in all reasonable probability, Verlita Odom will suffer in the future;

2.) Loss of spousal consortium;

3.) Loss of earnings in the past;

4.) Loss of future earning capacity.

Further, as a result of the incident described herein, Plaintiff's minor children, **Jadan Odom** and **Nicholas Odom**, have been damaged in the following respects:

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE     PAGE - 7


CERTIFIED COPY

1.) Mental anguish and suffering which, in all reasonable probability, the Plaintiff's minor children, **Jadan Odom and Nicholas Odom** will suffer in the future;

2.) Loss of parental consortium.

All of the above listed damages of the Plaintiffs exceed the minimum jurisdictional limits of this Court.

## VII.
## INTEREST

The Plaintiffs hereby plead for all pre-judgement interest and post-judgement interest in the maximum amount as allowed by law in a case of this type on each individual element of damage allowed by law.

## VIII.
## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

## IX.
## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose within 50 days of the service of this request, all of the information and material described in Rule 194.2.

## PRAYER

WHEREFORE PREMISES CONSIDERED, the Plaintiffs pray that the Defendant be cited to appear and answer herein, and that upon trial hereof, the Plaintiffs be awarded Judgment against the Defendant for all actual damages as set out above, together with all Pre-Judgment or Post-Judgment Interest in the maximum amounts allowed by law; for all costs of Court; and for any other



and further relief to which this Honorable Court should deem the Plaintiff's justly entitled to receive, either at law or in equity.

Respectfully submitted,

**MAHAFFEY & MAHAFFEY, P.C.**
124 West Sabine Street
Carthage, Texas 75633
(903) 693-7801 (Telephone)
(903) 693-7436 (Facsimile)

BY: _____
STEPHEN C. MAHAFFEY
State Bar No. 12830250

ATTORNEYS FOR PLAINTIFFS

CERTIFIED COPY