# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JAMES ODOM, et al. | § | |
| | § | |
| v. | § | NO. 6:10-cv-667 |
| | § | |
| TYSON FOODS, INC. | § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs' motion to remand (Doc. No. 8). Defendant has filed a response (Doc. No. 9). For the reasons set forth below, the Court grants Plaintiffs' motion (Doc. No. 8) and remands this case to the County Court of Law of Panola County, Texas.

Plaintiffs filed this negligence action based on injuries Plaintiff James Odom allegedly sustained while working for Defendant Tyson Foods. Defendant was a nonsubscriber to workers' compensation insurance at the time of the accident. Defendant timely removed the case to this court based on complete diversity of citizenship, and Plaintiffs timely filed their motion to remand. The only dispute between the parties is whether 28 U.S.C. § 1445(c) bars removal of this type of action.

Section 1445(c) states: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Plaintiffs contend that their claim "arises under" the Texas Workers' Compensation Act. Defendant argues that Plaintiffs' claim is based in Texas common law and not the workers' compensation act.

District courts in Texas have reached opposite conclusions on this issue. *Compare Eurine v. Wyatt Cafeterias, Inc.*, No. 3-91-0408-H, 1991 WL 207468, at *1–2 (N.D. Tex.

Aug. 21, 1991) (concluding negligence claim against nonsubscriber did not arise under workers' compensation act) *with Acosta v. Green Bay Packaging, Inc.*, No. EP-09-CA-073-FM, 2009 U.S. Dist. LEXIS 50227, at *11–13 (W.D. Tex. Apr. 8, 2009) (observing that "the majority of the district courts in Texas" find negligence claims against nonsubscribers arise under the workers' compensation act); *Smith v. Tubal-Cain Indus., Inc.*, 196 F. Supp. 2d 421, 423–24 (E.D. Tex. 2001) (remanding a negligence claim against a nonsubscriber pursuant to § 1445); *Figueroa v. Healthmark Partners, L.L.C.*, 125 F. Supp. 2d 209, 211–12 (S.D. Tex. 2000) (finding that a negligence claim against a nonsubscriber arises under the workers' compensation laws); *Dean v. Tex. Steel Co.*, 837 F. Supp. 212, 214 (N.D. Tex. 1993) (applying § 1445 because "a negligence action brought by an employee against an employer is commenced pursuant to Texas workers' compensation law, even if it [is] not within the workers' compensation system").

Section 1445(c) bars removal of Plaintiffs' claim because it relates to the workers' compensation laws of this State. Congress enacted this provision "[t]o restrict diversity jurisdiction and to stop the removal of compensation cases which were increasing the already overburdened docket of the federal courts." *Jones v. Roadway Express*, 931 F.2d 1086, 1091 (5th Cir. 1991). Section 1445(c) is read broadly to further that purpose. *Id.* at 1092. "Negligence actions against nonsubscribing employers are expressly contemplated by the Texas Workers' Compensation law." *Dean*, 837 F. Supp. at 214; *see also Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000) (noting that the Workers' Compensation Act "governs an employee's personal-injury action against" a nonsubscriber employer). Thus,

for the purposes of § 1445(c), negligence claims against nonsubscribers arise under state workers' compensation laws.

Therefore, Plaintiffs' motion is granted and this case is remanded to the County Court of Law of Panola County, Texas.

**It is SO ORDERED.**

**SIGNED this 9th day of February, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE